UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLENN L. HARDEN,

Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC.,

Defendant.

CIVIL ACTION NO. 1:23-cv-00176-JPB

**ORDER**

This matter comes before the Court on Glenn Harden's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] and Honeywell International, Inc.'s ("Defendant") Motion to Dismiss [Doc. 8]. This Court finds as follows:

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on January 13, 2023. [Doc. 1]. Plaintiff filed an Amended Complaint on January 31, 2023, which is the operative complaint in this matter.[1] [Doc. 6].

---

[1] On February 17, 2023, Plaintiff filed a Second Amended Complaint. [Doc. 10]. Plaintiff filed this amendment without seeking leave of Court and beyond the time period permitted by Rule 15 of the Federal Rules of Civil Procedure. Moreover, Plaintiff already amended his complaint once, and the Federal Rules contemplate only one amendment as a matter of course. See Fed. R. Civ. P. 15(a)(1)(A). Although Plaintiff is

According to the Amended Complaint, Plaintiff completed an application on April 23, 2022, for the position of Program Manager – Remote on Defendant's website. [Doc. 6, p. 8]. The application included the following question: "If you receive a U.S. employment offer from [Defendant], will you be fully vaccinated as of December 8, 2021, or by your start date if later?" Id. Applicants could respond by selecting one of three options: (1) yes; (2) no, but they would seek an accommodation related to a medical condition, disability or sincerely held religious belief; or (3) no, and they would not seek an accommodation. Id. Plaintiff selected the third option, indicating that he would not be fully vaccinated by the appropriate date and would not request an accommodation. Id. at 9. Plaintiff's application was rejected on April 26, 2022, because of his "inability to meet the vaccination requirement." Id. Plaintiff later filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a Determination and Notice of Right to Sue on November 18, 2022. Id.

proceeding *pro se*, he must still comply with these procedural rules. Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). As such, Defendant's Motion to Strike Plaintiff's Second Amended Complaint [Doc. 21] is **GRANTED**. The Clerk is **DIRECTED** to strike the Second Amended Complaint [Doc. 10].

Plaintiff alleges that vaccinations for COVID-19 are not "scientifically vaccines" but are instead "best classified as a bio-technology, bioengineering, gene-editing [or] gene therapy." Id. at 12. Plaintiff asserts that Defendant's "demand to be 'fully vaccinated' . . . is not intended to determine whether the applicant can perform the essential functions of the position" and that vaccines, which Plaintiff calls "genetic treatments," are not "job-related or consistent with any business necessity." Id. Plaintiff claims that COVID-19 vaccines alter genetic material; that his DNA is his "lawful property"; and that Defendant's employment policy concerning vaccination would destroy Plaintiff's "unique DNA, his lawful property[,] either by theft or conversion." Id. at 14.

The Amended Complaint brings the following claims: Count 1, violation of the right to refuse unwanted and medically unnecessary healthcare, under the Ninth and Fourteenth Amendments to the United States Constitution; Count 2, violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses; and Count 3, Violation of Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA").[2] Plaintiff seeks $98 million in compensatory damages and $989

---

[2] Although the allegations within each count reference various and miscellaneous federal statutes, the Court construes these claims as listed herein.

million in punitive damages. He also asks the Court to treble damages and award attorney's fees.

When Plaintiff filed this action, he simultaneously sought a temporary restraining order and preliminary injunction. [Doc. 2]. Defendant moved to dismiss this action on February 17, 2023.[3] [Doc. 8]. The Court will begin with the Motion to Dismiss before turning to the Motion for Temporary Restraining Order and Preliminary Injunction.

## II. MOTION TO DISMISS

### A. Legal Standard

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a

[3] Plaintiff filed two responses to the Motion to Dismiss—one on March 1, 2023, [Doc. 15], and one on March 6, 2023, [Doc. 22]. The Court refers to the later-filed response in this order.

formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se* in this action, the Court has an obligation to "liberally construe" his pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). *Pro se* litigants must follow the Federal Rules of Civil Procedure, Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019), including Rule 8's requirement that any complaint contain a short and plain statement of the claim to relief, Fed. R. Civ. P. 8(a)(2).

Defendant argues that the Amended Complaint fails to state a claim to relief. The Court discusses Plaintiff's constitutional claims (Counts 1 and 2) and statutory claim (Count 3) below.

**B. Counts 1 and 2: Constitutional Claims**

Counts 1 and 2 assert claims under the Ninth and Fourteenth Amendments to the United States Constitution. Plaintiff does not reference 42 U.S.C. § 1983 in the Amended Complaint, but he cites the statute in the complaint's cover sheet. See [Doc. 6, p. 3]. The Court will thus construe this pleading liberally and assume that Plaintiff's first two claims are brought under § 1983. Defendant asserts that Counts 1 and 2 should be dismissed because, as a private actor, Defendant is not subject to § 1983 liability.

"To obtain relief under § 1983, [Plaintiff] must show that he was deprived of a federal right by a person acting under color of state law." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). "The requirement that the deprivation be made 'under color of state law' means that the deprivation must be made by a state actor." Charles v. Johnson, 18 F.4th 686, 694 (11th Cir. 2021). The state action requirement means that the conduct must be "fairly attributable" to the state. Id. In other words, the alleged deprivation "must be caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

"Only in rare circumstances can a private party be viewed as a 'state actor' for [§] 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals, looking to United States Supreme Court precedent, has identified three such circumstances: (1) where the state has coerced or significantly encouraged the action alleged to have violated the Constitution; (2) where the private party performed a public function that was traditionally the exclusive prerogative of the state; and (3) where the state and the private party are so interdependent that they are joint participants in an enterprise. Charles, 18 F.4th at 694. Even construing Plaintiff's pleadings liberally and accepting well-pleaded facts as true, the allegations in the Amended Complaint do not establish any of these circumstances. Plaintiff has not shown that the state coerced or encouraged any allegedly unconstitutional action taken by Defendant; that Defendant performed a public function that was traditionally the state's exclusive prerogative; or that Defendant and the state engaged in a joint enterprise. Accordingly, the Amended Complaint fails to show that Defendant, a private party, can be considered a state actor for the purpose of liability under § 1983.

In response to the Motion to Dismiss, Plaintiff asserts that Defendant should nonetheless be considered a state actor for three reasons. First, Defendant has been "a trusted contractor for the federal government for over 100 years," [Doc. 22-1, p.

8]; second, Defendant's acceptance of COVID-19 relief funds rendered it a state actor; and third, Defendant "assumed the authority of the state by establishing a mandate to enforce COVID-19 Disease Control as a proxy" of the Centers for Disease Control and Prevention ("CDC"), id. at 10.

As a threshold matter, these allegations are not properly before the Court because they were not included in the Amended Complaint. Plaintiff may not amend that pleading in response to the Motion to Dismiss. Gibbons v. McBride, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss."); Dorman v. Aronofsky, 36 F.4th 1306, 1317 (11th Cir. 2022) ("[F]acts contained in a motion or brief 'cannot substitute for missing allegations in the complaint.'" (quoting EEOC v. Catastrophe Mgmt. Sols., 852 F.3d 1018, 1030 n.5 (11th Cir. 2016))). Moreover, Plaintiff's conclusory allegations on all three points are not adequate in the absence of particularized facts. Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Even if Plaintiff's allegations were properly before this Court, they would fail to support his claims to relief. Assuming that Defendant is, in fact, a government contractor, that alone does not render Defendant a state actor for the

purposes of § 1983 liability. Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").

Similarly, receiving government funding, such as for COVID-19 relief, does not transform a private entity such as Defendant into an arm of the state. See Blum v. Yaretsky, 457 U.S. 991, 1011 (1982) (rejecting the assertion that "state subsidization of the operating and capital costs of [nursing home] facilities, payment of the medical expenses of more than 90% of the patients in the facilities, and the licensing of the facilities by the [s]tate" was sufficient to "convert the action of the homes into 'state' action"); e.g., Goia v. CitiFinancial Auto, 499 F. App'x 930, 936 (11th Cir. 2012) ("Goia's claim that CitiFinancial's parent company, CitiGroup, received funding from the federal government does not show that CitiFinancial was acting under color of state law. Thus, Goia has not shown state action under § 1983.").

Under a liberal constriction, Plaintiff's final argument seems to be that by requesting vaccination information, Defendant engaged in disease control and thus exercised "powers traditionally exclusively reserved to the [s]tate," or in this case, the CDC. Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974). Plaintiff, however, has not set forth particularized facts showing that requesting information

about vaccination status for prospective employees is "traditionally the *exclusive* prerogative of the [s]tate." Rendell-Baker, 457 U.S. at 842 (quoting Jackson, 419 U.S. at 353). In sum, even if the arguments in Plaintiff's response to the Motion to Dismiss were properly before the Court, they would not save his constitutional claims.[4] Thus, for the reasons set forth above, Counts 1 and 2 fail to state cognizable claims to relief.

**C. Count 3: Statutory Claim**

In Count 3, Plaintiff alleges that Defendant violated Title II of GINA by acquiring personal health information and using that information to discriminate in employment decisions. Under GINA, it is unlawful for an employer to refuse to hire or otherwise discriminate against an employee "because of genetic information with respect to the employee" or to request, require or purchase an employee's genetic information, except in certain circumstances. 42 U.S.C. §

[4] All of Plaintiff's arguments on this issue fail for an additional reason: they are premised on Defendant's supposed relationship to the *federal* government, but § 1983 imposes liability only on *state* actors (or on private entities who can be viewed as state actors). Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) ("A § 1983 suit challenges the constitutionality of the actions of state officials; a Bivens suit challenges the constitutionality of the actions of federal officials."). And even if this Court construed Counts 1 and 2 as Bivens claims, they would still fail for the reasons described herein—that Defendant is not a governmental actor. "Both Bivens and § 1983 claims have governmental action as one of their elements," and the Eleventh Circuit applies the same analysis for both types of claims. Brino v. JFK Med. Ctr. Ltd. P'ship, 766 F. App'x 921, 922 (11th Cir. 2019).

2000ff-1(a)–(b). The statute defines "genetic information" as information about an individual's genetic tests; the genetic test of an individual's family members; and the manifestation of a disease or disorder in an individual's family members. Id. § 2000ff(4)(A). A "genetic test" is "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." Id. § 2000ff(7)(A).

To bring a claim under GINA, Plaintiff must show that his vaccination status meets this statutory definition of "genetic information." Plaintiff makes the conclusory allegations that the COVID-19 vaccine is "gene-editing" or "genetic therapy" and that requiring prospective employees to be vaccinated (or to obtain an exemption) equates to demanding that these individuals undergo "genetic treatment." [Doc. 6, p. 12]. These assertions do not show that vaccination for COVID-19 meets the definition of "genetic information" that is set forth in GINA. Moreover, "[t]he EEOC itself has stated that administration of a [COVID-19] vaccine 'does not implicate Title II of GINA.'" Anderson v. United Airlines, Inc., 577 F. Supp. 3d 1324, 1332 (M.D. Fla. 2021) (citation omitted). Because

Plaintiff's allegations do not make the threshold showing that GINA applies to his situation, Count 3 fails to state a claim to relief.[5]

## III. OPPORTUNITY TO AMEND

Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted complaint might state a claim." Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019); see also Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014) ("A court must . . . afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless the plaintiff expresses a desire not to amend or an amendment would be futile."). Given the frivolous nature of the Amended Complaint in this case, the Court is skeptical that a more carefully drafted pleading would state a claim to relief. However, before dismissing this case with prejudice and because Plaintiff has not given any indication that he does not wish to amend his pleading, the Court will grant Plaintiff leave to amend.

At a minimum, Plaintiff's second amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in

[5] In light of this finding, the Court does not address Defendant's argument that Plaintiff failed to exhaust his administrative remedies.

a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts, including dates, that he believes entitle him to relief. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which Defendant's alleged conduct is related to each cause of action.

3) Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

Plaintiff is notified that the second amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## IV. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff seeks a temporary restraining order and preliminary injunction barring Defendant from offering services and enforcing a mandate of "genetic treatments with COVID-19 'vaccines.'" [Doc. 2, p. 1]. A plaintiff seeking preliminary injunctive relief must show (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) that the balance of

equities is in his favor; and (4) that an injunction would not be adverse to the public interest. Sofarelli v. Pinellas County, 931 F.2d 718, 723–24 (11th Cir. 1991). The Court determined above that Plaintiff failed to state a claim to relief. Plaintiff thus cannot establish the first element for a preliminary injunction—a substantial likelihood of success on the merits—as to any of his claims. Because a preliminary injunction "is an extraordinary and drastic remedy," the Court may not issue such relief "unless the movant clearly establish[es] the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal punctuation omitted) (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)). Because Plaintiff failed to show the first factor, injunctive relief is not warranted. The Motion for Temporary Restraining Order and Preliminary Injunction is therefore **DENIED**.

## V. CONCLUSION

For the reasons set forth above, the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] is **DENIED**, and Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**. The Court will afford Plaintiff the opportunity to amend the Amended Complaint to adequately plead a specific claim or claims within twenty-one days of the date of

this Order. Plaintiff is notified that the failure to submit an amendment within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

**SO ORDERED** this 8th day of May, 2023.

**J. P. BOULEE**
United States District Judge